The next case, number 22-1055, Anthony M. Shea v. United States, and number 23-1544, United States v. Anthony M. Shea. At this time, would counsel for the appellant, Shea, please come up to the podium and introduce herself on the record to begin. Good morning, Your Honors. May it please the Court, Judith Meisner representing Anthony Shea. May I reserve two minutes for rebuttal? You may. Thank you. Mr. Shea, back in 1994, was convicted in the District Court in New Hampshire of multiple offenses, including two counts of using and carrying a firearm during and in relation to a crime of violence. Count six, one of those counts, addressed a robbery in Seabrook, and the predicate offenses that were charged were conspiracy to commit robbery and Hobbs Act robbery. Count 12 involved the same pattern, using and carrying a firearm during and in relation to a crime of violence, defined as conspiracy to commit robbery, Hobbs Act robbery, and bank robbery. The Court instructed the jury that the government must, as to the count involving Seabrook, that the government must prove, one, that the defendant committed the crime of robbery and or conspiracy to commit robbery, and two, that during and in relation to one of those crimes, the defendant used or carried a firearm. I think we're pretty familiar with the factual setup. The legal issue is this harmless error question. The Court did not require any unanimity or any specificity, so we don't know what the judge actually decided. And there is constitutional error, so we have, the question is, was there a substantial or injurious effect or influence in determining the jury's verdict? We think the government, and we agree that Hedgepeth is the appropriate standard. And here, you're looking at an error in defining the elements of 924C, and we maintain that the categorical approach applies. The categorical approach doesn't apply to the question of whether the gun was involved. The categorical approach applies to whether it was a crime of violence, but... But we're interested in the question of whether the gun was involved in connection with the crime of violence that did exist. Right, but... Because no one's disputing that there was a crime of violence. We don't know if it relied on the right one or the wrong one. Right, but... If the gun was involved in both, we wouldn't have any reason to worry. Well, the... And the question of whether the gun's involved doesn't have anything to do with the categorical approach, does it? Well, you don't know whether, the conviction for robbery doesn't tell you whether or not a gun was used, because robbery doesn't require the use of a gun. And similarly, conspiracy doesn't tell you whether or not a gun was involved. So, and if the element, if the conviction requires proving that the gun was used or carried during this crime... That question, we don't apply the categorical approach to answering that question. Yes, you apply the categorical approach to answering the question of whether or not conspiracy or robbery is a crime of violence. Not to the question of whether, during the course of engaging in such an offense, a gun was involved. Right, and... That's the question the judge was answering here for purposes of determining harmless error. So maybe the judge was right, maybe the judge was wrong, but the judge wasn't wrong because it failed to apply the categorical approach to that question. Well, but if you don't, if you have a conspiracy, which is not a crime of violence, categorically, and you don't know, and the jury just returns a verdict of guilty on the 924C count, and you don't know whether or not it was relying on the conspiracy count, finding that a gun was used or carried during the conspiracy, then you don't have, you've got the question, you left with the question of whether there is a substantial, a substantial error. Don't we apply the categorical approach to determine whether an offense is qualifying as an offense that could be deemed a crime of violence? And we apply the categorical approach here on the conspiracy count and find that it doesn't. Well, we are, we, we, but once you've defined which are crimes of violence and which are not, and which require use of a gun and which do not, and you find there's an error, at that point, don't we change our inquiry, not from anything to do with the categorical approach, but rather was, did that error have an effect on the jury? And there are not, there are only three instances where the categorical approach applies, 924C, 924E, and aggravated felony, and... I think you're just not responding to Judge Cata's question. He's not disputing that the categorical approach applies here. That applies to the question of whether there's a qualifying offense. Right. There's still the residual question of whether a firearm was used during and in relation to that offense. The categorical approach does not answer that question. So for harmlessness, why wouldn't we then look at the conduct involved in committing the offenses to determine whether, as to the one that was qualifying, a gun was used during in relation to it? Well, we, we are arguing that because you, you use, as, as a, as a, as a, as a, as a because you use the categorical approach to determine whether or not an offense qualifies, that you should, in the instances where you are talking about an offense where the categorical approach is used, that you should use that throughout. Why? Because it is a, a limited area, and you just can't tell when or where the firearm was, was used or carried, and that you should simply look at the jury's verdict, and if it doesn't tell you where, doesn't tell you that a firearm was used or carried in connection with a valid predicate, that, that is not harmless error. Judge Williams? No, thank you. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the government please introduce himself on the record to begin? May it please the Court, Alexander Chen for the United States. Your Honors, this case presents a quintessential harmless error. The jury instructions allow the jury to rely on both valid and invalid predicate offenses for the 924C convictions, but the predicates were inextricably intertwined. The substantive Hobbs Act robbery offenses that Shea was convicted of were the exact objects of the conspiracies that he was also convicted of. He has not shown the prejudice required for relief, and this Court should affirm. And for guidance, this Court can look back to, I think it's not disputed, this Court should look to the standards set forth in Brecht. Namely, when this is an appeal in a collateral, a collateral review proceeding, the standard is whether the error had substantial and injurious effect. And Brecht requires this Court and the district court below to examine the record below. And here the record is not disputed. The evidence below was that for the 1993 Seabrook robbery, Anthony Shea was an organizer and a getaway driver for a gang of violent criminals who robbed a car, an armored car in Seabrook. They brought guns to the robbery to intimidate the armored car drivers. And the evidence of the use of gun was even more overwhelming in the 1994 Hudson robbery. There, Shea was again an organizer. The robbers brought at least six guns to the robbery. They intimidated, incapacitated, and ultimately murdered the two guards with guns. So for both robberies, I suggest, Your Honors, the evidence of the use of the gun is overwhelming. And as Judges Chiata and Barron noted, the categorical approach, the relevance of that here is simply limited to categorizing the possible predicate offenses. Does conspiracy count as a crime of violence? The answer is no. However, do substantive object robbery and federal armed bank robbery count as a crime of violence? The answer is yes. At that point, we are out of the categorical approach. We go back to Brecht and apply the harms error analysis. Can I ask you just a question, just going forward? A determination by the district court under Hedspeth, and therefore Brecht, I guess, that the gun was used in all the accounts. Is that a factual finding, or is that a legal finding? Your Honor, I think under there's a case mechanic. This is a legal finding. This is not judicial fact finding after the fact. This is a, I think the Supreme Court mechanic noted that it is an evaluation of the record below to determine whether a viewing judge as a matter of law is comfortable in finding that there was a substantial and injurious effect on the jurisprudence. So on habeas review, what's the standard of review for that? De novo, or how do we, how does that piece of it play out under habeas when you've got a constitutional error that is of a kind that could ground a habeas claim? And now we're in the harmless error Brecht part of the analysis, and we're relying on the Hedspeth view of harmless error, which is a record-based review. What are we supposed to be doing vis-a-vis the district court's assessment of that? Two responses to that, Your Honor. First is the appellant has not advanced any argument to that. I'm asking this purely for my understanding of what the law is. Your Honor, I think the approach there is this is a legal question. And under this court's precedent, traditionally, legal questions were viewed de novo by this court. But again, of course, she has not advanced any argument to the contrary here. Unless the court has any further questions, the government will rest on the pleadings, and the argument is request the court affirm. Thank you, counsel. Counsel, for the appellant, you have a two-minute rebuttal. Please reintroduce yourself on the mic. Judith Meisner, representing Mr. Shea. In terms of the inextricably intertwined, we do not disagree that they are inextricably intertwined in the sense that the robbery is the object of the conspiracy. But that doesn't really tell you when or where a firearm was used. And I think it would be, this court would review the district court de novo. Thank you. Thank you, counsel. That concludes argument in this case.